UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

In Re: DAVID ARTHUR SIMONINI, In
Re: DANA ELIZABETH SIMONINI, a/k/a
Dana B. Simonini,
                            *Debtors.*

DAVID ARTHUR SIMONINI,
                    *Plaintiff-Appellee,*

v.

STEWART L. BELL, District Attorney
of Clark County, Nevada,
                    *Defendant-Appellant,*                No. 02-2021

and

RIO SUITE HOTEL AND CASINO,
                            *Defendant,*

JIM PENDERGRAPH, Sheriff; MICHAEL
F. EASLEY; DANIEL AWSTROM, Chief
Deputy DA; MARY CATHERINE
HOLCOMB,
                    *Parties in Interest.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CA-02-275-3-MU, BK-02-30033, AP-02-3151)

Argued: May 6, 2003

Decided: July 1, 2003

Before WILKINS, Chief Judge, and WILLIAMS and
GREGORY, Circuit Judges.

Vacated by unpublished per curiam opinion.

---

**COUNSEL**

**ARGUED:** Douglas Ronald Ghidina, MOORE & VAN ALLEN, P.L.L.C., Charlotte, North Carolina, for Appellant. Margaret Howard, WASHINGTON AND LEE UNIVERSITY SCHOOL OF LAW, Lexington, Virginia, for Appellee. **ON BRIEF:** James P. McLoughlin, Jr., MOORE & VAN ALLEN, P.L.L.C., Charlotte, North Carolina, for Appellant.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Stewart L. Bell, District Attorney of Clark County, Nevada, appeals from the district court's grant of a permanent injunction under 11 U.S.C.A. § 105(a) (West 1993), enjoining Nevada's criminal prosecution of David Arthur Simonini for financial fraud. Because § 105(a) of the Bankruptcy Code does not give the federal courts the authority to enjoin a state criminal proceeding, we vacate the injunction.

On December 12, 2001, Simonini was charged in Clark County, Nevada, with five felony violations of Nev. Rev. Stat. § 205.130 (West 2003) and § 205.132 (West 2003). The indictment alleged that Simonini wrote bad checks to the Rio Suite Hotel and Casino, with an intent to defraud. On December 14, 2001, a Nevada court issued a warrant for Simonini's arrest. On January 7, 2002, Simonini and his wife filed a joint Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of North Carolina. Simonini was arrested on the Nevada warrant on April 5, 2002.

On July 31, 2002, Simonini filed a complaint against Rio Suite Hotel and Casino, and Bell, seeking injunctive relief under Bankruptcy Code § 105(a), arguing that the Nevada criminal prosecution was, in essence, a debt collection on behalf of Rio Suite Hotel and Casino. The district court held that the criminal prosecution was not stayed under the automatic stay provision in 11 U.S.C.A. § 362 (West 1993). The district court found, however, that "[w]hen a criminal prosecution resembles a debt collection strongly enough, a debtor should be able to avail himself of injunctive relief." (J.A. at 302-03.) The district court held that an injunction under § 105(a) was available in such circumstances. On August 9, 2002, the district court entered judgment permanently enjoining under § 105(a) "[t]he prosecution of Petitioner by the District Attorney of Clark County, Nevada on any matter related to the criminal charges that resulted in Petitioner's arrest on April 5, 2002." (J.A. at 292.) Bell filed a timely notice of appeal on August 30, 2002.

"While decisions pertaining to injunctive relief normally are reviewed solely for abuse of discretion in applying the injunction standard, we review such a decision de novo where it 'rests solely on a premise as to the applicable rule of law, and the facts are established or of no controlling relevance.'" *Va. Carolina Tools, Inc. v. Int'l Tool Supply, Inc.*, 984 F.2d 113, 116 (4th Cir. 1993) (internal citation and emphasis omitted) (quoting *Thornburgh v. Am. Coll. of Obstetricians & Gynecologists*, 476 U.S. 747, 757 (1986)). The district court's decision rests solely on a premise as to the applicable rule of law, and the facts are established. Accordingly, we review the district court's grant of the permanent injunction de novo.

The district court correctly held that the automatic stay of Bankruptcy Code § 362(a) does not apply to criminal prosecutions. Section 362(b) provides that "[t]he filing of a [bankruptcy] petition . . . does not operate as a stay . . . of the commencement or continuation of a criminal action or proceeding against the debtor." 11 U.S.C.A. § 362(b)(1). Giving the words of the statute their plain meaning, § 362(b) applies to all criminal actions, regardless of the underlying aim of the prosecution. *See In re Gruntz*, 202 F.3d 1074, 1085 (9th Cir. 2000) (en banc) ("Quite simply, the Bankruptcy Code declares that § 362 does not stay 'the commencement or continuation of a criminal action or proceeding against the debtor.' On its face, it does

not provide any exception for prosecutorial purpose or bad faith. If the statutory command of the Bankruptcy Code is clear, we need look no further: it must be enforced according to its terms.").

Although the automatic stay does not apply to criminal prosecutions, the district court held that it had the power under § 105(a) to enjoin the Nevada prosecution. Section 105(a) grants a court the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C.A. § 105(a). Although the grant of power in § 105(a) is broad, it is not unlimited. "It cannot be invoked, for example, to achieve ends contrary to other specific Code provisions." *Kestell v. Kestell* (*In re Kestell*), 99 F.3d 146, 148 (4th Cir. 1996). "The equitable powers of section 105(a) 'are not a license for a court to disregard the clear language and meaning of the bankruptcy statutes and rules.'" *United States, Dep't of Air Force v. Carolina Parachute Corp.*, 907 F.2d 1469, 1475 (4th Cir. 1990) (quoting *Official Comm. of Equity Sec. Holders v. Mabey*, 832 F.2d 299, 302 (4th Cir. 1987)).

Given the clear language of § 362(b) excepting all criminal prosecutions from the automatic stay and "'the fundamental policy against federal interference with state criminal prosecutions,'" *Kelly v. Robinson*, 479 U.S. 36, 47 (1986) (quoting *Younger v. Harris*, 401 U.S. 37, 46 (1971)), we hold that an injunction barring a Nevada state criminal proceeding is not necessary or appropriate to carry out the provisions of the Bankruptcy Code or to prevent an abuse of the process. In fact, allowing an injunction of a state criminal proceeding would achieve ends contrary to § 362(b) and would disregard the clear language and meaning of other bankruptcy rules.

Accordingly, the district court did not have the power under § 105(a) to enjoin the Nevada criminal proceeding, and we vacate the injunction. We need not and do not reach the question of whether Simonini's bankruptcy and subsequent discharge limit in any way the penalties that a Nevada court could impose if Simonini is convicted.

*VACATED*